UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FAMILY CASUALTY INSURANCE COMPANY, | : : | |
| Plaintiff, | : : | |
| v. | : : | 3:06-cv-0513 (WWE) |
| SCARLETT L. BURKE, RYAN BOYLE, ppa MATTHEW BOYLE and NANCY BOYLE, and MATTHEW BOYLE and NANCY BOYLE, individually, | : : : : : | |
| Defendants. | : | |

# MEMORANDUM OF DECISION ON
# PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Farm Family Casualty Insurance Co. ("FFCI") has filed a motion asking the Court to reconsider its Order denying plaintiff's motion for summary judgment, entered on October 1, 2007 (Doc. #39).

## FACTS

The underlying facts and identities of the parties are set forth in this Court's October 1 order. On October 31, 2008, having been granted additional time to file its motion, plaintiff filed the instant motion for reconsideration on the grounds that the Court overlooked relevant case law.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier

1

decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Since this is a reconsideration of a ruling on summary judgment, the Court recites the standard of review relevant to summary judgment. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff draws the Court's attention to various cases to support its argument that the relevant provisions of the insurance contract - Exclusion 29, section IV(1) and

2

section VII(5) - are not in conflict with each other and can be read in a manner with internal consistency.  As the Court found in its order, Exclusion 29 presents an "escape" clause by which plaintiff will only cover the insured's injuries if there is no other policy while sections IV(1) and VII(5) act as "excess" clauses.  Therefore, in reading the FFCI policy, it is unclear, and a material fact exists, as to how this conflict should be resolved.

To the extent that plaintiff has cited cases on how courts have construed termination clauses, these cases are distinguishable because Exclusion 29 is not a termination clause.  Rather, it is a clause that provides that FFCI will not cover an injury where a specific condition is met - an escape clause, not a termination clause. Compare Exclusion 29 ("We do not cover PERSONAL INJURY ... with respect to which an INSURED under this policy is also an INSURED under a Personal Umbrella....") with Ohio Cas. Ins. Co. v. Dentek, Inc., 283 F. Supp. 2d 655, 657 (D. Conn. 2003) ("With respect to automobile liability insurance policies only, your policy shall terminate on the effective date of any other insurance policy you purchase with respect to any automobile designated in both policies."); Providence Wash. Ins. Co. v. Advance Auto Rental, 1994 Conn. Super. LEXIS 1897 (Conn. Super. Ct. July 15, 1994) ("With respect to automobile liability insurance policies only, your policy shall terminate on the effective date of any other insurance policy you purchase with respect to any automobile designated in both policies."); Taxter v. Safeco Ins. Co., 721 P.2d 972, 974 (Wash. Ct. App. 1986) ("If you obtain other insurance on your covered auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.").  The clause in the State Farm Mut. Auto. Ins. Co. case, cited by plaintiff provides a stark contrast to the exclusion at interest here.  In that case, the termination

clause provided "[i]f you obtain other insurance on your covered auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance." State Farm Mut. Auto. Ins. Co. v. Atlantic Indem. Co., 468 S.E.2d 570 (N.C. Ct. App. 1996). This policy expressly terminated upon the insured's obtaining of redundant insurance, rather than remaining in effect but not covering certain damages, as is the case with the FFCI policy. Thus, the termination clause in State Farm, like in the other cases cited above, is fundamentally different than the FFCI escape clause. The Court will therefore adhere to its prior ruling on this matter.

In its order, this Court also denied plaintiff's motion for summary judgment concerning whether Exclusion 48 applies to double and treble damages under section 14-295 of the Connecticut General Statutes. In its order, the Court concluded that because there were "no policy considerations that militate against the assessment of statutory double or treble damages against FFCI," Exclusion 48 did not preclude FFCI from covering any liability that arises pursuant to section 14-295. Upon reconsideration, the Court will adhere to its previous ruling on this issue as well.

Plaintiff contends that the Court overlooked relevant Connecticut case law by relying on Caulfield v. Amica Mut. Ins. Co. and distinguishing Bodner v. United Servs. Auto. Ass'n and Tedesco v. Maryland Casualty Co. Plaintiff's conclusions are misplaced to the extent that it argues that the punitive and exemplary damages of Exclusion 48 are analogous, in Connecticut, to the double and treble damages provided for under section 14-295.

In Harty v. Cantor Fitzgerald & Co., the Connecticut Supreme Court addressed the relationship between punitive and exemplary damages and statutory multiple

4

damages in the context of an arbitration award. The Court found that the arbitrator's mandate, which precluded awarding punitive and exemplary damages, did not prevent the arbitrator from awarding double and treble damages under section 31-72 of the Connecticut General Statutes. The court relied in part on Caulfield for the conclusion that punitive and exemplary damages are distinct from statutory multiple damages in purpose and in relief available. Harty, 275 Conn. 72, 92-93 (2005). The court, in fact, cited with approval the Appellate Court's reasoning in Caulfield, referring to it as "in accord with that of every other court ... in ... concluding that a submission prohibiting an award of punitive or exemplary damages was ambiguous as applied to statutory multiple damages." Id. at 94.

Indeed, while the damages provided by section 14-295 are punitive in nature, they are a distinctive form of "punitive." See Caulfield, 31 Conn. App. 781, 785 (Conn. App. Ct. 1993) ("It is well settled, however, that statutory multiple damages awarded pursuant to § 14-295, while serving a similar punitive purpose ... are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases."). The use of the phrase "punitive or exemplary damages" in Exclusion 48, however, is undefined, leading to a question of fact as to what the parties intended that phrase to mean. Obviously, if the parties meant "punitive" in the sense of the Connecticut legal definition, Exclusion 48 would not apply to the section 14-295 damages; to the extent that the parties meant "punitive" as punishing wrong-doing, then Exclusion 48 should apply. Because this phrase can have two different meanings, the Court must find in favor of the insured. See Rent A Car Sys. v. Liberty Mut. Ins. Co., 203 Conn. 667, 672 (1987) ("If the terms of an insurance policy are of doubtful

meaning, that permissible construction which is most favorable to the insured is to be adopted."). Summary judgment on this question is thus inappropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration. Upon review, the Court adheres to its previous ruling.

Dated at Bridgeport, Connecticut, this 14th day of May, 2008.

/s/
Warren W. Eginton
Senior United States District Judge