UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| FARM FAMILY CASUALTY | : |
| INSURANCE COMPANY, | : |
| Plaintiff, | : |
| | : |
| v. | : 3:06-cv-0513 (WWE) |
| | : |
| SCARLETT L. BURKE, RYAN BOYLE, | : |
| p/p/a MATTHEW BOYLE and NANCY | : |
| BOYLE, and MATTHEW BOYLE and | : |
| NANCY BOYLE, individually, | : |
| Defendants. | : |

## MEMORANDUM OF DECISION ON BOYLE
## DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Ryan Boyle, p/p/a Matthew Boyle and Nancy Boyle, Matthew Boyle and Nancy Boyle ("Boyle defendants") have filed a motion for judgment on the pleadings pursuant to rule 12(c) of the Federal Rules of Civil Procedure asking the Court for a declaratory judgment in this action. Such a judgment would have the Court find that plaintiff Farm Family Casualty Insurance Company ("FFCI") must indemnify defendant Scarlett L. Burke for injuries caused by Burke to defendant Ryan Boyle.

## FACTS

Plaintiff FFCI commenced this action for a declaratory judgment seeking to have the Court rule that FFCI need not indemnify defendant Burke, pursuant to an umbrella insurance policy issued by FFCI with Burke as the insured, for injuries she caused to defendant Ryan Boyle. The Boyle defendants have a separate action currently pending against Burke in the Connecticut Superior Court.

The Court previously denied plaintiff's motion for summary judgment on October

1

1, 2007 (Doc. #39). On May 14, 2008, the Court adhered to its ruling upon plaintiff's motion for reconsideration (Doc. #45). Because the underlying facts and identities of the parties are set forth in this Court's October 1 order, the Court will not recite them here.

## DISCUSSION

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court must "assess the legal feasibility of the complaint," rather than "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). The Court must also accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S. Ct. 2931, 171 L. Ed. 2d 863 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

This case has focused on two issues. The first is the extent to which Exclusion 29 of the insurance policy acts as an excess clause or an escape clause. The second is whether Exclusion 48 allows FFCI to escape indemnification for any damages that

2

Burke may have to pay pursuant to section 14-295 of the Connecticut General Statutes.

The Boyle defendants first argue that because the Court has concluded in its previous rulings that Exclusion 29 can be construed as either an escape clause or as an excess clause, it must be read in favor of the insured as an excess clause. That is, it must be read to provide coverage above that provided by the insureds' alternative Allstate policy, rather than allowing FFCI to escape coverage because of the presence of the Allstate policy. Connecticut law recognizes that where an insurance contract provision may be reasonably read both in favor and against coverage, it should be construed in favor of coverage for the insured. Bishop v. Nat'l Health Ins. Co., 344 F.3d 305, 308 (2d Cir. 2003) (construing Connecticut law). This rule of construction recognizes that the insurer bears the burden of clarity because it drafted the insurance contract and ensures that the insured has notice of what risks the policy covers and excludes. See Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537 (1996).

In light of this tenet, the Court concludes that Exclusion 29 is an excess clause by which FFCI must indemnify Burke in excess of any payments made under the Allstate policy.[1]

---

[1] Despite the Court's holding that Exclusion 29 is an excess clause, there is no evidence before the Court with regard to the nature of the Allstate policy. The Court cannot, therefore, determine the extent to which the Allstate policy may be an excess policy or a primary policy vis-a-vis the FFCI policy to determine at which level FFCI must indemnify Burke. See Farm Family Cas. Ins. Co. v. Burke, 2007 U.S. Dist. LEXIS 73438, *12 (D. Conn. Oct. 1, 2007) ("Because it cannot be determined what roles the FFCI and Allstate policies' 'other insurance' clauses would play based on the record before the Court, summary judgment must be denied."). Furthermore, because Allstate is not a party to this action, it would be inappropriate for the Court to opine on the status of the Allstate policy in relation to the FFCI policy. See Alexander v. Nat'l Fire Ins., 2004 U.S. Dist. LEXIS 6690, *24-25 (E.D. Pa. Mar. 3, 2004).

The second issue before the Court is how Exclusion 48 should be read. Plaintiff asserts that it is premature to find in favor of the Boyle defendants because the amount of damages has yet to be determined by the Connecticut Superior Court. In light of the evidence before the Court and the norm in Connecticut of construing ambiguous insurance provisions in favor of the insured, it can conclude, as a matter of law, that the FFCI policy covers those damages that may be assessed pursuant to section 14-295 of the Connecticut General Statutes. Even if the amount of the damages is uncertain at this time, the Court can find that FFCI must indemnify Burke for whatever damages may eventually be awarded.

The Court will grant the Boyle defendants' motion insofar as it finds that the FFCI policy is an excess policy and FFCI must indemnify Burke for those damages that Burke may be ordered to pay by the state court pursuant to section 14-295. At this stage, however, the Court cannot determine the specific extent of FFCI's insurance obligation to Burke.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Boyle defendants' motion for judgment on the pleadings. Because the Court has granted the Boyle defendants' motion, the Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 17th day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge